**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **MARY C. TERRELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION FILE NO.:** |
| | ) | **1:21-CV-04613-MHC-CMS** |
| **CITY OF FOREST PARK, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**DEFENDANTS' INITIAL DISCLOSURES**</u>

COME NOW, Defendants the City of Forest Park, Georgia (the "City"), Angelyne Butler, Angela Redding, Latresa Akins-Wells, Kimberly James, and Dabouze Antoine ("individual Defendants"), (hereinafter collectively "Defendants"), and hereby serve their Initial Disclosures on Plaintiff, showing as follows:

**(1)    If the Defendant is improperly identified, state Defendant's correct identification and state whether Defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

The Defendants are properly identified.

**(2)    Provide the names of any parties whom Defendant contends are**

1

**necessary parties to this action, but who have not been named by Plaintiff.  If Defendant contends that there is a question of misjoinder of parties, provide the reasons for Defendant's contention.**

Defendants contend that the individual Defendants are improper parties to some or all of the claims that Plaintiff asserts against them in this action.

**(3)     Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by Defendant in the responsive pleading.**

As a factual basis for the affirmative defenses asserted by Defendants, Defendants assert that Plaintiff's Complaint and each of her causes of action fail to state a claim upon which relief can be granted.

Defendants also assert that Plaintiff's claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Equal Protection Clause of the United States Constitution on the basis of race, pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1981 may be barred to the extent Plaintiff failed to file this civil action within the applicable statute of limitations and/or failed to satisfy any and all conditions precedent or statutory prerequisites to filing this suit, and/or failed to exhaust her administrative remedies, such as by timely filing a charge of discrimination with the EEOC against the correct

2

legal entity.

Defendants also show that all actions taken by Defendants with respect to the terms and conditions of the Plaintiff's employment were for legitimate, non-discriminatory, and/or non-retaliatory reasons. No impermissible discriminatory or retaliatory motive played any motivating factor in Defendants' treatment of Plaintiff. Even if Plaintiff could demonstrate that discrimination or retaliation played a motivating part in any such action, which is expressly denied, the same action would have been taken for legitimate, non-discriminatory, and/or non-retaliatory reasons. Moreover, even if Plaintiff was subject to unlawful conduct based on her protected class status, Defendants exercised reasonable care to prevent and correct the actions which support Plaintiff's claims and Plaintiff unreasonably failed to avail herself of preventive or corrective opportunities or to avoid harm otherwise. Furthermore, Defendants have at all times acted in good faith and have objectively reasonable grounds to believe that any action or omission taken with respect to Plaintiff complied with all federal and state laws.

No act or omission of Defendants either proximately caused or contributed to any damages allegedly suffered by Plaintiff. Any such damages were the direct or proximate result of her own actions or omissions, or were caused or contributed, in whole or in part, by parties other than Defendants. Nor was any act or failure to act

towards Plaintiff the result of any willful, malicious, reckless, intentional, or bad faith conduct on the part of Defendants such as to give rise to the imposition of punitive damages.

Notwithstanding the above, Plaintiff's damages are limited to those remedies and those amounts provided for by Title VII, the ADA, the ADEA, 42 U.S.C. § 1981, and 42 U.S.C. § 1983. Further, Plaintiff has failed to mitigate damages as required by law. Plaintiff's Complaint also fails to state a claim for punitive, actual, special, exemplary, liquidated, and/or compensatory damages.

Lastly, Plaintiff's claims may also be barred, in whole or in part, by the doctrines of after-acquired evidence and/or unclean hands, as well as to the extent Plaintiff has failed to mitigate her alleged damages as required by law. Defendants reserve the right to conduct discovery on this issue.

**(4)    Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Defendant contends are applicable to this action.**

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended and interpreting case law; 42 U.S.C. § 1981, as amended, and interpreting case law; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, as amended and interpreting case law; the Age Discrimination in Employment Act, 42

U.S.C. § 12201, et seq., as amended and interpreting case law; and the Equal Protection

Clause of the United States Constitution on the basis of race, via 42 U.S.C. § 1983, as

amended, and interpreting case law.

(5)    **Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.   (Attach witness list to Initial Disclosures as Attachment A).**

See Attachment A.

(6)    **Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.   (Attach expert witness list and written reports to Initial Disclosures as Attachment B).**

See Attachment B.

(7)    **Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of**

the information.  (Attach document list and descriptions to Initial Disclosures as Attachment C).

See Attachment C.

(8)    In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34.  (Attach any copies and descriptions to Initial Disclosures as Attachment D).

See Attachment D.

(9)    If Defendant contends that some other person or legal entity is, in whole or in part, liable to the Plaintiff or Defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

None at this time.

(10)    Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business

**may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Responses to Initial Disclosures as Attachment E).**

See Attachment E.

This 2nd day of March, 2022.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

*s/ Shaheem M. Williams*
David A. Cole
Georgia Bar No. 142383
Shaheem M. Williams
Georgia Bar No. 666654
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339
T: (770) 818-0000
E: dcole@fmglaw.com
E: smwilliams@fmglaw.com

*Attorneys for Defendants*

ATTACHMENT A

The following individuals are likely to have discoverable information relevant

to disputed facts alleged with particularity in the pleadings.

1. The Plaintiffs

2. Angelyne Butler, Mayor
   c/o Freeman Mathis & Gary, LLP
   100 Galleria Parkway
   Suite 1600
   Atlanta, Georgia 30309
   (770) 818-0000

   Mayor Butler may have information regarding the circumstances concerning
   Plaintiff's employment, performance deficiencies, and termination.

3. Angela Redding, former City Manager
   c/o Freeman Mathis & Gary, LLP
   100 Galleria Parkway
   Suite 1600
   Atlanta, Georgia 30309
   (770) 818-0000

   Ms. Redding may have information regarding the circumstances of Plaintiff's
   employment, performance deficiencies, and termination.

4. Latresa Akins-Wells, City Councilmember
   c/o Freeman Mathis & Gary, LLP
   100 Galleria Parkway
   Suite 1600
   Atlanta, Georgia 30309
   (770) 818-0000

   Ms. Akins-Wells may have information regarding the circumstances of Plaintiff's
   employment, performance deficiencies, and termination.

A-1

5. Kimberly James, City Councilmember
   c/o Freeman Mathis & Gary, LLP
   100 Galleria Parkway
   Suite 1600
   Atlanta, Georgia 30309
   (770) 818-0000

   Ms. James may have information regarding the circumstances of Plaintiff's employment, performance deficiencies, and termination.

6. Dabouze Antoine, City Councilmember
   c/o Freeman Mathis & Gary, LLP
   100 Galleria Parkway
   Suite 1600
   Atlanta, Georgia 30309
   (770) 818-0000

   Mr. Antoine may have information regarding the circumstances of Plaintiff's employment, performance deficiencies, and termination.

7. Allan Mears, City Councilmember
   c/o Freeman Mathis & Gary, LLP
   100 Galleria Parkway
   Suite 1600
   Atlanta, Georgia 30309
   (770) 818-0000

   Mr. Mears may have information regarding the circumstances of Plaintiff's employment, performance deficiencies, and termination.

8. Hector Guiterrez, City Councilmember
   c/o Freeman Mathis & Gary, LLP
   100 Galleria Parkway
   Suite 1600
   Atlanta, Georgia 30309
   (770) 818-0000

   Mr. Guiterrez may have information regarding the circumstances of the City's

hiring practices and commitment to equal employment since January 2020.

9.  Sandra Bagley, former City Councilmember
    c/o Freeman Mathis & Gary, LLP
    100 Galleria Parkway
    Suite 1600
    Atlanta, Georgia 30309
    (770) 818-0000

    Ms. Bagley may have information regarding the circumstances of Plaintiff's employment, performance deficiencies, and termination.

10. Any individual identified by Plaintiff or Defendants as a potential witness to the Equal Employment Opportunity Commission.

11. All individuals identified by Plaintiff or Defendants in documents submitted to the Equal Employment Opportunity Commission.

12. Any individual identified or referenced during any administrative procedure in which Plaintiff participated regarding the circumstances surrounding this action or relevant to this civil action.

13. All individuals identified by Plaintiff in the Complaint.

14. Any individual identified or referenced during the course of discovery or at any time during this civil action.

15. Plaintiff's financial institutions.

16. Plaintiff's employers prior to, during, and subsequent to Plaintiff's employment with the City.

<u>ATTACHMENT B</u>

Defendants reserve the right to designate witnesses to testify as to expert opinions consistent with FED R. CIV. P. 702, 703 and 705 pursuant to the Rules of this Court and the Federal Rules of Civil Procedure.  For all experts described in FED. R. CIV. P. 26(a)(2)(B), Defendants will provide a separate written report satisfying the provisions of that rule.  At this time Defendants have not retained an expert.

## ATTACHMENT C

Documents that may be relevant to the disputed facts as alleged with particularity in the pleadings and in Defendants' possession and/or control are as follows:

1. All documents exchanged or referenced during discovery or at any time during this civil action.

2. All documents listed or produced by Plaintiff or Defendants.

3. Relevant portions of Plaintiff's personnel or medical file.

4. Relevant portions of Plaintiff's EEOC file.

5. Relevant portions of Plaintiff's personnel files from employers prior to, during, and subsequent to Plaintiff's employment with the City.

6. Relevant portions of Plaintiff's medical records from Plaintiff's medical care providers, if any.

7. Documents reflecting Plaintiff's financial conditions prior to, during, and subsequent to Plaintiff's employment with Defendants.

C-1

ATTACHMENT D

At this time, Defendants are not claiming any damages, other than their reasonable attorneys' fees and costs.

<u>ATTACHMENT E</u>

Defendants will make available for inspection and copying at a mutually agreeable time and place the relevant portions of the applicable policy.