**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **MARY C. TERRELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION FILE NO.:** |
| | ) | **1:21-CV-04613-MHC-CMS** |
| **CITY OF FOREST PARK, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S INITIAL DISCLOSURES

Pursuant to Fed. R. Civ. P. 26(a)(1) and N.D. Ga. L. R. 26, Plaintiff Mary C. Terrell serves her Initial Disclosures on Defendants, stating as follows:

**(1)     State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendants did or failed to do, and a succinct statement of the legal issues in the case.**

**Cause of action:**

Plaintiff Mary Terrell asserts claims against all Defendants for race discrimination in violation of her rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, pursuant to 42 U.S.C. §1983, and for race discrimination and retaliation for her engagement in protected activity, in violation of 42 U.S.C. §1981. In addition, Plaintiff asserts claims against the City of Forest Park for: (1) race discrimination and retaliation for her engagement

in protected activity, in violation of Title VII of the Civil Rights Act of 1964; (2) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 69 U.S.C. §621, *et seq*; and (3) disability discrimination in violation of the Americans with Disabilities Act, as amended.

Plaintiff seeks back pay and all benefits, privileges and rights previously denied, reinstatement to her former position or front pay, liquidated damages, compensatory damages, punitive damages, declaratory relief, injunctive relief, her costs in this action and reasonable attorneys' fees, and all other appropriate damages, remedies and other relief available under the 42 U.S.C. §§1981 and 1983, Title VII, the ADEA, the ADA, as amended, and federal statutes providing remedies for violations of the same.

**Brief factual outline:**

Plaintiff Mary C. Terrell, who is white, was employed by the City of Forest Park from August 1990 until her employment was terminated, on December 18, 2019. In 1994, she was promoted to be the City's Personnel Director; she remained in this role until July 2002, when her title was changed to Director of Support Services. She remained so employed until her termination.

In 2018, the City experienced a significant change in its leadership. During 2017, Defendant Butler was elected Mayor, and Defendant James was elected to the

City Council. Their terms in office began in January 2018. Butler was the City's first African-American Mayor, and upon the beginning of Butler's and James' terms in office, the City Council, which consists of the mayor and five councilmembers, was for the first time majority African-American. When Mayor Butler and Councilwoman James took office, the remainder of the City Council consisted of Defendant Wells and Defendant Antoine, who were each re-elected in 2017, and Allan Mears and Sandra Bagley, who are not parties to this case. Of these persons, Mears and Bagley were Caucasian; all others were African-American. Also in 2018, Defendant Redding was made the City Manager for the City of Forest Park; she is also African-American.

Beginning in early 2018 and continuing into 2019, members of the City Council, including Defendants Butler, James, Wells, and Antoine, discussed making and decided to make changes to the City's leadership team. In meetings among members of the City Council and others, Butler, James, Wells, and Antoine complained that the leaders of various City departments and other City employees had "been there too long" and stated that the department leaders needed to "look more like" them. In other words, they complained that the leaders of the City's departments were too old and too white. Butler, James, Wells, and Antoine believed that the City's department directors, including Plaintiff, were too old and should be replaced by African-American directors, so that the City's departmental leadership looked "more like" them.

Beginning in 2018 and continuing through, at least, the termination of Plaintiff's employment, the City, pursuant to the direction of Butler, James, Wells, Antoine, and Redding, who was supervised by the City Council, terminated or forced the resignations of white City employee, a number of whom were over the age of 40, and replaced them, primarily, with African-Americans who were also substantially younger than the persons who were over 40. In addition, during the City Council's first meeting of 2018, Defendants James, Wells, and Antoine voted to take several steps to strip white employees and former-employees of their employment duties or honors previously bestowed by the City, including:

- stripping Dwayne Hobbs, who is white, of his duties as interim City Manager and making Defendant Redding City Manager;

- terminating the City Solicitor, Jerry Patrick, who is white (he was later replaced by Leslie Terry, an African-American female); and

- removing the names of two white former City employees from City-owned buildings that were previously named in their honor.

On October 1, 2018, the City, at the individual Defendants' direction, terminated the employment of former Chief of Police Dwayne Hobbs, who was white and was approximately 63 years old; he was replaced by an African-American chief of police who was substantially younger.

In addition to Chief Hobbs, since January 2, 2018, the City terminated or forced

the resignations of approximately fifteen white City employees, the vast majority of whom were City management personnel, and replaced them, primarily, with African-Americans. Of those persons who were terminated or forced to resign, nearly half were over the age of 40 and were also replaced by persons who were substantially younger.

Additionally, following the announcement of the resignation of now-former City fire chief, Eddie Buckholts, who is white, the City began attempting to recruit a new fire chief. The City made completion of the "Carl Holmes Executive Development Institute" one of the necessary "minimum qualifications" for the job opening. According to its website, this institute was created "to address the problem of African-Americans in the fire service being denied the opportunity to receive cutting edge management training." Plaintiff contends that the institute only admitted and trained African-American firefighters and that by making graduation from the institute a "minimum qualification" for the vacancy, the City only considered hiring African-Americans to fill that role.

In short, at the direction and control of the individual Defendants and in a purported effort to "diversify" its workforce, the City engaged in a pattern and practice of terminating older, white employees due to their age and race and replacing them with African-American persons who were substantially younger.

In 2016, Plaintiff suffered an on-the-job fall, which left her with injuries that

thereafter substantially limited her ability to perform major life activities. Following her injury and continuing until her termination, Plaintiff required periodic medical appointments for care of the injuries she suffered; Plaintiff filed a workers compensation claim and received workers compensation benefits, which were still in place for her ongoing care at the time of her termination. Throughout 2018 and 2019, when Plaintiff informed Defendant Redding that she needed to take leave to go to doctors' appointments, Redding expressed frustration and questioned the need for Plaintiff to go to the doctor.

As Director of Support Services, Plaintiff's job duties included, among other things: all activities relevant to the personnel function of the City government (*e.g.*, participating in investigations of employees and in employee discipline decisions); ensuring the City's compliance with federal, state, and local employment laws; overseeing all City employee terminations, conducting exit interviews, and determining reasons behind separation; approving all executive summaries, budget amendments, and other documents being submitted or presented to the City Council; and consulting with and advising the City Manager and City Council concerning department operations and problem resolution. However, beginning in late 2018, Defendants began excluding Plaintiff from personnel issues and investigations and disallowing her to provide input or support to the City Council with respect to the

personnel actions taken. Previously, she was consistently involved in such employment concerns, as they fell squarely within her job duties. Believing that she was being set up for termination, due to her age and race, Plaintiff complained to Defendant Redding about the actions being taken. She told Redding that she was not being permitted to perform her job, that she felt she was being discriminated against, and that she felt she was being set up for termination. Redding took no action to allow Plaintiff to resume performing her job duties or to otherwise alleviate Plaintiff's concerns.

After Plaintiff complained about discrimination, Defendants continued to exclude Plaintiff from personnel issues and investigations and disallow her input to the City Council regarding personnel actions. In addition, Defendant Butler requested and obtained a copy of Plaintiff's workers compensation file, which contained her confidential medical information. When Plaintiff learned of this request, she objected to both Defendant Redding and the City's personnel attorney. Butler later shared the worker's compensation file, or information she garnered from it, with the other Defendants during the meeting in which they decided to terminate Plaintiff's employment. In October 2019, Defendant Redding provided a copy of Plaintiff's personnel file to the remaining individual Defendants, and the Defendants decided to terminate Plaintiff's employment with the City. Plaintiff contends that Defendants

terminated her employment because she was white, disabled, and, they believed, too old and in retaliation for her complaints about discrimination.

During the meeting in which Defendants decided to terminate Plaintiff's employment, Defendants Butler, James, Wells, and Antoine directed Defendant Redding to obtain information that would, purportedly, justify terminating Plaintiff's employment. On November 21, 2019, Defendant Redding informed Plaintiff that she had until 12:15pm the following day to either resign in lieu of termination or be fired, effective immediately at that time. During the termination meeting, Defendant Redding vaguely stated four reasons for the termination, which Plaintiff contends were simply pretext for discrimination. Plaintiff did not resign, and on November 22, 2019, Defendant Redding provided her with a letter titled "Notice of Termination of Employment," which re-stated the same four purported reasons for the termination. Plaintiff's termination became effective on December 18, 2019. Following her termination, after a brief interim period, the City filed her position by hiring an African-American woman who was substantially younger than Plaintiff.

**Legal Issues:**

1. Whether any of the Defendants discriminated against Plaintiff on the basis of her race in violation of 42 U.S.C. §1981 and the Fourteenth Amendment's Equal Protection Clause;

2.  Whether the City through its agents, the individual Defendants, discriminated against Plaintiff on the basis of her race in violation of Title VII;

3.  Whether any Defendant retaliated against Plaintiff after she engaged in protected activity in violation of 42 U.S.C. §1981;

4.  Whether the City through its agents, the individual Defendants, retaliated against Plaintiff after she engaged in protected activity in violation of Title VII;

5.  Whether the City through its agents, the individual Defendants, discriminated against Plaintiff on the basis of her age in violation of the Age Discrimination in Employment Act, 42 U.S.C. §§12201 *et seq*.;

6.  Whether the City through its agents, the individual Defendants, discriminated against Plaintiff on the basis of her disability in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §12112;

7.  Whether Plaintiff is entitled to damages, and if so, the amount and category or categories of damages;

8.  Whether Plaintiff should be reinstated to her employment with Defendant City of Forest Park, or if not, the amount of appropriate front pay damages, if any;

9.  Whether Plaintiff is entitled to recover attorneys' fees and/or costs; and

10. Whether any of Plaintiff's claims are barred by Defendants' asserted defenses.

Plaintiff reserves the right to present additional legal issues to the Court for consideration as this matter progresses.

(2)   **Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

The statutes, codes and regulations known to be applicable to Plaintiff's claims at this time include: 42 U.S.C. §1981; 42 U.S.C. §1983; U.S. Const., Amend. XIV; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; 29 U.S.C. §621, *et seq.*; and the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et seq.*, 42 U.S.C. §12112, and 42 U.S.C. § 12203.

Case law applicable to or illustrative of Plaintiff's claims for race discrimination, pursuant to Section 1981, Section 1983, Title VII, and the Fourteenth Amendment to the United States Constitution, includes, but is not limited to, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Bostock v. Clayton Cty., Georgia*, 140 S. Ct. 1731, 1739–40, 207 L. Ed. 2d 218 (2020); *Comcast Corp. v. National Ass'n of African American–Owned Media,* 140 S. Ct. 1009, 1019 (2020); *Lewis v. City of Union City*, 918 F.3d 1213 (11th Cir. 2019); *Lewis v. City of Union City, Georgia*, 934 F.3d 1169 (11th Cir. 2019); *Quigg v. Thomas Cnty. Sch. Dist.*, 884 F.3d 1227 (11th Cir. 2016); *Smith v. City of New Smyrna,* 588 Fed. App'x. 965, 976 (11th Cir. 2014); *Holland v. Gee,* 677 F.3d 1047, 1056 (11th Cir. 2012); Smith*

*v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011); *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 149 (2000); and *Combs v. Plantation Patterns*, 106 F.3d 1519 (11th Cir. 1997).

Case law applicable to or illustrative of Plaintiff's claims for age discrimination in violation of the ADEA includes, but is not limited to: *Godwin v. WellStar Health Sys., Inc.*, 615 F. App'x 518 (11th Cir. 2015); *Sims v. MVM, Inc.*, 704 F.3d 1327 (11th Cir. 2013); *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009); *Mora v. Jackson Mem'l Found., Inc.*, 597 F.3d 1201 (11th Cir. 2010); *Kragor v. Takeda Pharm. Am. Inc.*, 702 F.3d 1304 (11th Cir. 2012); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Chapman v. AI Transp.*, 229 F.3d 1012 (11th Cir. 2000); *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981); and *Brooks v. Cnty. Com'n of Jefferson Cnty., Ala.*, 446 F.3d 1160 (11th Cir. 2006).

Case law applicable to or illustrative of Plaintiff's claims for disability discrimination in violation of the ADA, as amended, includes, but is not limited to: *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Burlington Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53, 54, 126 S. Ct. 2405 (2006); *Lewis v. City of Union City*, 918 F.3d 1213 (11th Cir. 2019); *Lewis v. City of Union City, Georgia*, 934 F.3d 1169 (11th Cir. 2019); *Gilliard v. Georgia Dept. of Corrs.*, 500 Fed. Appx. 860 (11th Cir. 2012); *Wolfe v. Postmaster Gen.*, 488 Fed. Appx. 465 (11th Cir.

2012); *Hillburn v. Murata Elec. N.A., Inc.*, 181 F.3d 1220 (11th Cir. 1999);*McKane v. UBS Fin. Srvcs., Inc.*, 363 Fed. Appx. 679, 680 (11th Cir. Jan. 21, 2010); *Wofsy v. Palmshores Ret. Cmty.*, 285 F. App'x 631, 634 (11th Cir. 2008); *Holly v. Clairson Industries, LLC*, 492 F.3d 1247, 1255-56 (11th Cir. 2007); and *Rossbach v. City of Miami*, 371 F.3d 1354, 1357 (11th Cir. 2004).

Plaintiff notes that this list of authority is not exhaustive and anticipates the need to rely upon additional authority as this litigation progresses.

(3) **Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information. (Attach witness lists to Responses to Initial Disclosures as Attachment A.)**

*See* Attachment A.

(4) **Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

Plaintiff has not yet retained any expert witnesses. Plaintiff will amend his response if and when an expert is retained.

(5) **Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that are relevant to disputed facts alleged with particularity in the pleadings. (Attach document list and descriptions to Responses to Initial Disclosures as Attachment C.)**

*See* Attachment C.

(6)  **In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Responses to Initial Disclosures as Attachment D.)**

Plaintiff has not yet determined the full amount of damages to which she is entitled, but makes claim for the following categories of damages:

1.    *Back pay and lost benefits:* Plaintiff seeks back pay and lost benefits in an amount equal to what she would have received but for Defendants' unlawful actions culminating in her termination. The precise amount of Plaintiffs' economic losses are not known at the present time and continue to accrue.  Plaintiff will require discovery to determine the exact amount of her back pay and other lost benefits of employment, including but not limited to, the value of any raises he would have received, lost retirement plan contributions, and other valuable economic benefits of employment.

2.    *Reinstatement:* Plaintiff seeks reinstatement, or in the alternative, Plaintiff seeks front pay beginning on the date of a jury verdict in her favor.

13

Plaintiff's front pay will be calculated in the same manner as her back pay, and will also include her employment benefits, as well as raises and cost of living increases.

3.    *Compensatory Damages:* Plaintiff seeks compensation for non-monetary losses, including emotional distress. Plaintiff will ask the jury to award an amount of money for emotional pain and suffering that will fairly compensate her for the mental and physical pain and suffering endured as a result of the unlawful acts of Defendants. Plaintiff seeks the maximum amount allowed by law.

4.    *Punitive Damages:* Plaintiff seeks punitive damages from the individual Defendants in an amount commensurate with the harm done and calculated to be sufficient to deter such conduct in the future. Plaintiff intends to present the question of punitive damages to the discretion of a fair and impartial jury.

5.    *Liquidated Damages:* Plaintiff seeks liquidated damages, pursuant to 29 U.S.C. §626(b), in an amount equal to Plaintiff's recovery for back pay and lost benefits and front pay, as applicable.

6.    *Attorney's fees and costs of litigation:* Should Plaintiff become a prevailing party, she will seek to recover reasonable attorney's fees and costs associated with the litigation.  Attorney's fees are calculated by multiplying the hours expended by Plaintiff's attorneys by their normal hourly rate. Counsel for Plaintiff keeps contemporaneous time records for this purpose.  Plaintiff's attorneys'

fees and expenses to date total approximately $24,017.00, and are continuing to accrue.

At a mutually convenient time and place, Plaintiff will produce for inspection all non-privileged documents in her possession, custody and control which may support her claims for damages. Plaintiff reserves the right to supplement or amend her damages calculations as discovery progresses.

(7) **Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.  (Attach copy of insurance agreement to Responses to Initial Disclosures as Attachment E.)**

Any applicable insurance agreements are in the possession of Defendant.

(8) **Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.**

Not applicable.

Respectfully submitted, this 2nd day of March, 2022.

/s/ Edward D. Buckley
Edward D. Buckley
Georgia Bar No. 092750
edbuckley@buckleybeal.com
J. Kyle Brooks
Georgia Bar No. 773561
kbrooks@buckleybeal.com

**BUCKEY BEAL LLP**
600 Peachtree Street NE
Suite 3900
Atlanta, Georgia 30308
Telephone:  (404) 781-1100
Facsimile:   (404) 781-1101
*Counsel for Plaintiff*

## ATTACHMENT A

| | |
|---|---|
| Plaintiff Mary C. Terrell c/o Plaintiff's counsel | Plaintiff has knowledge of the facts and circumstances supporting her claims and damages and refuting the Defendants' defenses. |
| Sandra Bagley Contact information unknown | This witness is believed to have knowledge of the facts and circumstances surrounding the claims and defenses of the parties, including without limitation, Defendants' discriminatory termination of Plaintiff and other City employees. |
| Allan Mears Contact information unknown | This witness is believed to have knowledge of the facts and circumstances surrounding the claims and defenses of the parties, including without limitation, Defendants' discriminatory termination of Plaintiff and other City employees. |
| Defendant Angelyne Butler c/o Defendants' counsel | This witness is believed to have knowledge of the facts and circumstances surrounding the claims and defenses of the parties, including without limitation, Defendants' discriminatory termination of Plaintiff and other City employees. |
| Defendant Angela Redding c/o Defendants' counsel | This witness is believed to have knowledge of the facts and circumstances surrounding the claims and defenses of the parties, including without limitation, Defendants' discriminatory termination of Plaintiff and other City employees. |
| Defendant Latresa Akins-Wells c/o Defendants' counsel | This witness is believed to have knowledge of the facts and circumstances surrounding the claims and defenses of the parties, including without limitation, Defendants' discriminatory termination of Plaintiff and other City employees. |
| Defendant Kimberly James c/o Defendants' counsel | This witness is believed to have knowledge of the facts and circumstances surrounding the claims and defenses of the parties, including without limitation, Defendants' discriminatory termination of Plaintiff and other City employees. |
| Defendant Dabouze Antoine | This witness is believed to have knowledge of the |

| | |
|---|---|
| c/o Defendants' counsel | facts and circumstances surrounding the claims and defenses of the parties, including without limitation, Defendants' discriminatory termination of Plaintiff and other City employees. |
| Dwayne Hobbs<br>Contact information unknown at this time | This witness is believed to have knowledge of the facts and circumstances surrounding the claims and defenses of the parties, including without limitation, the circumstances surrounding his removal as interim City Manager and the termination of his employment with the City and the Defendants' discriminatory employment practices. |
| Elaine Corley<br>Contact information unknown at this time | This witness is believed to have knowledge of the facts and circumstances surrounding the claims and defenses of the parties, including without limitation, the circumstances surrounding the termination of her employment with the City and the Defendants' discriminatory employment practices. |
| Christopher Matson<br>Contact information unknown at this time | This witness is believed to have knowledge of the facts and circumstances surrounding the claims and defenses of the parties, including without limitation, the circumstances surrounding the termination of his employment with the City and the Defendants' discriminatory employment practices. |
| Susan Riddling<br>Contact information unknown at this time | This witness is believed to have knowledge of the facts and circumstances surrounding the claims and defenses of the parties, including without limitation, the circumstances surrounding the termination of her employment with the City and the Defendants' discriminatory employment practices. |
| Eddie Buckholts<br>Contact information unknown at this time | This witness is believed to have knowledge of the facts and circumstances surrounding the claims and defenses of the parties, including without limitation, the circumstances surrounding the |

| | termination of his employment with the City and the Defendants' discriminatory employment practices. |
|---|---|
| Jeff Eady<br>Contact information unknown at this time | This witness is believed to have knowledge of the facts and circumstances surrounding the claims and defenses of the parties, including without limitation, the circumstances surrounding the termination of his employment with the City and the Defendants' discriminatory employment practices. |
| Mike Tuttle<br>Contact information unknown at this time | This witness is believed to have knowledge of the facts and circumstances surrounding the claims and defenses of the parties, including without limitation, the circumstances surrounding the termination of his employment with the City and the Defendants' discriminatory employment practices. |
| Denise Grilliot<br>Contact information unknown at this time | This witness is believed to have knowledge of the facts and circumstances surrounding the claims and defenses of the parties, including without limitation, the circumstances surrounding the termination of her employment with the City and the Defendants' discriminatory employment practices. |
| Alfred L. Wiggins<br>Contact information unknown at this time | This witness is believed to have knowledge of the facts and circumstances surrounding the claims and defenses of the parties, including without limitation, the circumstances surrounding the termination of his employment with the City and the Defendants' discriminatory employment practices. |
| Frank Brandon<br>Contact information unknown at this time | This witness is believed to have knowledge of the facts and circumstances surrounding the claims and defenses of the parties, including without limitation, the Defendants' removal of his name from a building previously named in his honor and his authorizing Plaintiff to fill a position in |

| | |
|---|---|
| | the Forest Park Police Department with an investigator. |
| Jerry Patrick<br>Contact information unknown at this time | This witness is believed to have knowledge of the facts and circumstances surrounding the claims and defenses of the parties, including without limitation, the circumstances surrounding the termination of his employment with the City and the Defendants' discriminatory employment practices. |
| Steve Fincher<br>Contact information unknown at this time | This witness is believed to have knowledge of the facts and circumstances surrounding the claims and defenses of the parties, including without limitation, the circumstances surrounding the termination of his employment with the City and the Defendants' discriminatory employment practices. |
| Matt Jackson<br>Contact information unknown at this time | This witness is believed to have knowledge of the facts and circumstances surrounding the claims and defenses of the parties, including without limitation, the circumstances surrounding the termination of his employment with the City and the Defendants' discriminatory employment practices. |
| Denise Coard<br>Contact information unknown at this time | This witness is believed to have knowledge of the facts and circumstances surrounding the claims and defenses of the parties, including without limitation, the circumstances surrounding the termination of her employment with the City and the Defendants' discriminatory employment practices. |
| Regina Ivie<br>Contact information unknown at this time | This witness is believed to have knowledge of the facts and circumstances surrounding the claims and defenses of the parties, including without limitation, the circumstances surrounding the termination of her employment with the City and the Defendants' discriminatory employment practices. |

| | |
|---|---|
| Jessica Gassaway<br>Contact information unknown<br>at this time | This witness is believed to have knowledge of the facts and circumstances surrounding the claims and defenses of the parties, including without limitation, the circumstances surrounding the termination of her employment with the City and the Defendants' discriminatory employment practices. |
| Shalonda Brown<br>Contact information unknown<br>at this time | This witness is believed to have knowledge of the facts and circumstances surrounding the claims and defenses of the parties, including without limitation, the circumstances surrounding the termination of her employment with the City and the Defendants' discriminatory employment practices. |
| Jamie Reynolds<br>Contact information unknown<br>at this time | This witness is believed to have knowledge of the facts and circumstances surrounding the claims and defenses of the parties, including without limitation, the circumstances surrounding the termination of her employment with the City and the Defendants' discriminatory employment practices. |
| Darren Duke<br>Contact information unknown<br>at this time | This witness is believed to have knowledge of the facts and circumstances surrounding the claims and defenses of the parties, including without limitation, the circumstances surrounding the termination of his employment with the City and the Defendants' discriminatory employment practices. |
| Mike Blandenburg<br>Contact information unknown<br>at this time | This witness is believed to have knowledge of the facts and circumstances surrounding the claims and defenses of the parties, including without limitation, the circumstances surrounding the termination of his employment with the City and the Defendants' discriminatory employment practices. |
| Alex Skwira<br>Contact information unknown | This witness is believed to have knowledge of the facts and circumstances surrounding the claims |

| at this time | and defenses of the parties, including without limitation, the circumstances surrounding the termination of his employment with the City and the Defendants' discriminatory employment practices. |
|---|---|
| Daniel Podsiadly<br>Contact information unknown at this time | This witness is believed to have knowledge of the facts and circumstances surrounding the claims and defenses of the parties, including without limitation, the circumstances surrounding the termination of her employment with the City and the Defendants' discriminatory employment practices. |
| Timothy Pigate<br>Contact information unknown at this time | This witness is believed to have knowledge of the facts and circumstances surrounding the claims and defenses of the parties, including without limitation, the circumstances surrounding the termination of her employment with the City and the Defendants' discriminatory employment practices. |
| Individuals listed in Defendants' Initial Disclosures | |
| Individuals identified by Plaintiff or Defendants in the pleadings or in the course of discovery. | |

Defendant has contact information for all of Defendant City of Forest Park's current and former employees. Plaintiff notes that other individuals may have information that is relevant to this case. Plaintiff expects the identities of these individuals to come to light during the discovery period in this case. Plaintiff reserves the right to alter, add to, or amend this list of individuals as discovery in

this matter progresses, either by amendment to these Initial Disclosures or through the identification of said individuals in depositions or responses to written discovery requests.

# ATTACHMENT C

Plaintiff will produce all non-privileged responsive documents in her custody, possession or control, which includes:

1. Documents and recordings relating to the termination of Ms. Terrell's employment with the City of Forest Park;

2. Documents relating to Plaintiff's Charge of Discrimination filed with the EEOC;

3. Documents relating to Plaintiff's job description during her employment with the City of Forest Park;

4. Copies of Facebook posts made by Defendant Akins-Wells;

5. Job posting for City of Forest Park Fire Chief;

6. Documents relating to the termination of the employment of other former employees of the City of Forest Park; and

7. Documents relating to Plaintiff's disability.

This list is based on information currently known to Plaintiff, and Plaintiff will supplement this list and her production as appropriate as discovery progresses.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **MARY C. TERRELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION FILE NO.:** |
| | ) | **1:21-CV-04613-MHC-CMS** |
| **CITY OF FOREST PARK, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2022, I electronically filed **PLAINTIFF'S INITIAL DISCLOSURES** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

David A. Cole
Shaheem M. Williams
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948

**BUCKLEY BEAL LLP**

*/s/ Edward D. Buckley*
Edward D. Buckley
Georgia Bar No. 092750
edbuckley@buckeybeal.com

**BUCKEY BEAL, LLP**
600 Peachtree Street NE
Suite 3900
Atlanta, Georgia 30308
Telephone:  (404) 781-1100
Facsimile:   (404) 781-1101
*Counsel for Plaintiff*